IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>                    Plaintiff,<br><br>       v.<br><br>PJ Loughran Studios LLC and<br>Peter J. Loughran,<br><br>                    Defendants. | Case No: 1:24-cv-11810<br><br>Dist. Judge Jeffrey I. Cummings<br><br>Mag. Judge M. David Weisman |

### INITIAL STATUS REPORT

Pursuant to the Court's minute entry dated November 22, 2024 [Dkt. 4], Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), submits this Initial Status Report:

**1. Nature of the Case**

    a. The attorney of record for Oppenheimer is Ilya G. Zlatkin of Zlatkin Cann Entertainment. While no attorney has yet filed any appearance on behalf of Defendants, Plaintiff has been communicating with Timothy L. Epstein of Duggan Bertsch, LLC, who has indicated that he represents the Defendants, both before and after the initiation of this litigation. Plaintiff and Defendants will determine their respective lead trial attorney(s) at a later date.

    b. This case involves use of two photographs from the Bonnaroo Music Festival in 2010 and 2013 (collectively, "Photographs") without authorization from Plaintiff. Plaintiff claims that Defendants PJ Loughran Studios LLC ("PJLS") and Peter J. Loughran ("Loughran" and, together with PJLS, "Defendants") infringed upon Plaintiff's copyrights, including

      by causing the display of the Photographs for the purpose of promoting Defendants' creative services through multiple URLs (collectively, "Infringing URLs"). In the alternative against Defendants, Plaintiff alleges that such defendants vicariously and/or contributorily infringed upon Plaintiff's copyrights. Plaintiff also alleges that Defendants violated Section 1202 of the Digital Millennium Copyright Act ("DMCA") by knowingly removing or altering Plaintiff's copyright management information ("CMI") and subsequently distributing copies of the Photographs without Plaintiff's CMI.

  c. Defendants are likely to deny that they are liable to Plaintiff on any of these grounds and that to the extent that they technically infringed on Plaintiff's copyright, the nature of the infringement would qualify as "innocent infringement." Defendants are also likely to argue that Defendants did not knowingly cause the removal or alteration of Plaintiff's CMI.

  d. Plaintiff seeks actual and statutory damages for the copyright infringement, including for willful infringement, under 17 U.S.C. § 504. Pursuant to 17 U.S.C. § 1203(c), Plaintiff also seeks actual and statutory damages for each violation of Section 1202 of the DMCA. Plaintiff also seeks an award of litigation costs and reasonable attorneys' fees under 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(5).

2. **Jurisdiction**

  a. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. **Status of Service**

    a. On December 9, 2024, Plaintiff's counsel mailed requests for waivers of service to Defendants' counsel in accordance with Fed. R. Civ. P. 4(d).

    b. Defendants' counsel provided executed waivers of service on behalf of both Defendants on December 11, 2024, which Plaintiff's counsel proceeded to file on the record. [Dkt. 5; Dkt. 6].

    c. Pursuant to Fed. R. Civ. P. 4(d), as of the date of this report, Defendants' deadline for filing an answer or otherwise pleading is February 7, 2025.

4. **Motions:**

    a. Currently, there are no pending motions.

5. **Case Plan**

    a. After Defendants formally appear in this case (and after Defendants file their responsive pleading), Plaintiff anticipates that the parties will jointly file a case plan.

    b. Plaintiff has included a jury demand as part of Plaintiff's complaint. Plaintiff anticipates that a trial would take around three days.

6. **Consent and Settlement Discussions:**

    a. Plaintiff's counsel has advised Plaintiff that the parties may proceed before a Magistrate Judge if the parties consent unanimously to such proceedings.

    b. As of the date of this report, there is not unanimous consent to proceed before the Magistrate Judge.

    c. The parties engaged in settlement discussions prior to the initiation of this litigation. The parties were not close to a settlement prior to litigation.

Case: 1:24-cv-11810 Document #: 9 Filed: 01/21/25 Page 4 of 4 PageID #:62

d. Since the filing of this litigation, Defendants provided a settlement offer in response to a pre-litigation demand from Plaintiff, but the parties still remain far apart in their settlement positions.

e. While Plaintiff cannot speak for Defendants, Plaintiff does anticipate that the parties will request a settlement conference after Defendants' attorney(s) have filed an appearance in this case.

Dated: January 21, 2025

Respectfully submitted,

DAVID GORDON OPPENHEIMER

By: /s/ Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
ilya@zce.law

*Attorney for Plaintiff David Oppenheimer*