IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PJ Loughran Studios LLC and<br>Peter J. Loughran,<br><br>　　　　　　　　　Defendants. | Case No: 1:24-cv-11810<br><br>Dist. Judge Jeffrey I. Cummings<br><br>Mag. Judge M. David Weisman |

### PLAINTIFF'S STATUS REPORT

Pursuant to the Court's minute entry order dated July 18, 2025 [Dkt. 18],[1] Plaintiff David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff") submits this Status Report:

1. Through counsel, the parties have been engaged in settlement communications in recent weeks.

2. Defendants have indicated that they are interested in engaging in a settlement conference administered by the Magistrate Judge.

3. Plaintiff likewise is interested in attempting to settle the case through a Magistrate-administered settlement conference.

4. Defendants do not want their counsel to make a full-fledged appearance in the case, purportedly, as a way to preserve resources.

5. Defendants' counsel wish to make a limited appearance solely for purposes of a settlement conference.

---

[1] Plaintiff's counsel acknowledges that the Court ordered for this status report to be filed by July 25, 2025. The fact that this status report is being filed a day late (as well as the fact that no status report was filed by a previously designated deadline) is entirely the oversight of Plaintiff's undersigned counsel, for which the undersigned begs the Court's forgiveness.

6. The parties have investigated the potential of filing a limited appearance, and it seems as if a limited appearance for purposes of settlement is limited solely to pro se litigants who are part of the Settlement Assistance Program.

7. The parties request that the Court permit Defendants' preferred counsel to make a limited appearance solely for purposes of the settlement conference in this case.

8. In the event that a settlement conference does not result in a successful settlement, the parties request that the Court permit Defendants' preferred counsel to withdraw without issue.

9. If the Court is amenable to such an approach, the parties request that the Court clarify which event and form Defendants' preferred counsel should file within CM/ECF.

Dated: July 26, 2025

Respectfully submitted,

DAVID GORDON OPPENHEIMER

By: */s/ Ilya G. Zlatkin*
Ilya G. Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 North Knox Avenue
Chicago, Illinois 60641
Tel: (312) 809-8022
ilya@zce.law

*Attorney for Plaintiff David Oppenheimer*